IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN ANDERSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. _____ |
| | : | |
| CITY OF PHILADELPHIA; OFFICER WILLIAM GRESS; OFFICER JOHN DOE(S), | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of defendants Philadelphia Police Officer William Gress and John Doe(s) in using excessive and unreasonable force against plaintiff Calvin Anderson during the course of an arrest.  The actions and conduct of defendants Gress and Doe(s) are the result of a policy, practice, custom, and deliberate indifference on the part of defendant City of Philadelphia.

### JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

### PARTIES

3. Plaintiff Calvin Anderson is and was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania.

4. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs defendant Gress and Doe(s).

5. Defendant Officer William Gress is and was at all times relevant to this Complaint an officer in the Philadelphia Police Department. He is sued in his individual capacity.

6. Defendant Officer John Doe(s) is/are and was/were at all times relevant to this Complaint an officer(s) in the Philadelphia Police Department. He/they is/are sued in his/their individual capacity(ies).

7. At all times relevant to this Complaint, defendants Gress and Doe(s) (hereafter "the defendant officers") acted jointly and in concert and conspiracy.

8. At all times relevant to this Complaint, all defendants acted under color of state law.

**FACTUAL ALLEGATIONS**

9. In the early morning hours of October 25, 2009, Plaintiff Calvin Anderson, then 24 years old, was assisting a family friend to distribute flyers advertising a Halloween costume store in the area of 4th and South Streets in Philadelphia.

10. After plaintiff placed flyers on car windshields parked along South Street, one or more of the defendant officers yelled to plaintiff in a threatening manner that plaintiff was not permitted to place the flyers on the windshields and that he should immediately remove them.

11. Plaintiff remarked to the friend whom he was assisting to distribute the flyers that to his understanding he was permitted to place the flyers on car windshields.

12. Immediately after plaintiff made this remark, defendant Gress grabbed plaintiff, took him into custody, and placed excessively tight handcuffs on plaintiff.

13. Plaintiff immediately complained that the handcuffs were too tight and causing him severe pain. Plaintiff repeated these complaints to the defendant officers on multiple occasions.

14. The defendant officers ignored plaintiff's complaints and instead insulted him and accused him of being "high."

15. After plaintiff was held in custody at the scene of his initial arrest, the defendant officers placed plaintiff in a police car and removed him from the scene.

16. The defendant officers held plaintiff in their custody for several hours before releasing him. Plaintiff repeated his complaints as to the tight handcuffs several times during the time that he was held in custody. The defendant officers, however, took no action to address plaintiff's complaints that the handcuffs were causing him pain.

17. Upon plaintiff's release, he was given a citation charging him with violating a City ordinance regarding the posting of flyers. Plaintiff appeared in Philadelphia Municipal Court on October 26, 2009, and the court dismissed all charges against plaintiff.

18. As a result of the defendant officers' use of force against plaintiff in the application of excessively tight handcuffs, plaintiff suffered physical injuries that required medical treatment.

19. There was no legal cause to justify the use of force against plaintiff, and the force used against plaintiff was unreasonable and excessive.

20. To the extent any defendant officer did not use force against plaintiff, that defendant failed to intervene to protect plaintiff from the unlawful use of force by the other defendants.

21. At all times relevant to this Complaint, the conduct of the defendant officers was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

22. As a direct and proximate result of the conduct of all defendants, plaintiff suffered substantial physical injuries, including pain, numbness, and weakness in his hands.

23. As a direct and proximate result of the conduct of all defendants, plaintiff suffered physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendants Gress and Doe(s)
### Federal Constitutional Claims

24. The actions of defendants Gress and Doe(s) violated plaintiff's rights under the Fourth and/or Fourteenth Amendments to the United States Constitution to be free from the unlawful use of force.

### Count II
### Plaintiff v. Defendant City of Philadelphia
### Federal Constitutional Claims

25. The violations of plaintiff's constitutional rights under the Fourth and/or Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Philadelphia, which has encouraged, tolerated, ratified and has been

deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Legal cause to use force against a citizen;

b. The use of force by police officers;

c. The proper exercise of police powers, including but not limited to the use of force;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct and/or civil litigation concerning misconduct;

f. The absence of any process to ensure the provision of meaningful discipline for police officers who engage in misconduct;

g. The entry into contractual agreements which, in cases where discipline is provided to police officers who have engaged in misconduct, allows for the unilateral reversal of any disciplinary actions;

h. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

i. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force under such circumstances as presented by this case; and

j.  The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers.

## Count III
### Plaintiff v. Defendants Gress and Doe(s)
### State Law Claims

26.  The actions of defendants Gress and Doe(s) constitute the torts of assault and battery under the laws of the Commonwealth of Pennsylvania.

**Wherefore**, plaintiff respectfully requests:

A.  Compensatory damages as to all defendants;

B.  Punitive damages as to defendants Gress and Doe(s);

C.  Reasonable attorney's fees and costs as to all defendants;

D.  Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
jfeinberg@krlawphila.com

*Counsel for Plaintiff*